**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-24518 MER |
| DANIEL JOSEPH DIAZ | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| DANIEL JOSEPH DIAZ | ) | Adversary No. 10-1639 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SALLY J. ZEMAN, Chapter 13 Trustee | ) | |
| | ) | Signed/Docketed |
| Defendant. | ) | October 24, 2011 |

## ORDER

THIS MATTER comes before the Court on the *Complaint for Declaratory Relief* (the "Complaint") and *Motion for Entry of Default Judgment Against Sally J. Zeman, in Her Capacity as Standing Chapter 13 Trustee* (the "Motion") filed by the Debtor and Plaintiff herein, Daniel Joseph Diaz (the "Debtor").

## BACKGROUND

**Procedural History**

The Debtor filed his chapter 13 bankruptcy petition and plan (the "Plan") on June 10, 2010. The Plan used the standard chapter 13 form adopted in this district and referred to as LOCAL BANKRUPTCY FORM 3015-1.1 (the "Form Plan"). Included as part of the Form Plan is a provision addressing post-confirmation modifications. The provision is designated as Part VIII and is titled "Post-Confirmation Modification" ("Part VIII"). Part VIII provides:

VIII. <u>POST-CONFIRMATION MODIFICATION</u>

The debtor must file and serve upon all parties in interest a modified plan which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. § 1325(a)(4) may be increased or reduced with the modification if appropriate. The

modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.[1]

The Debtor included the Part VIII language in his Plan, but inserted the words, "Not Applicable" or "N/A" in the relevant blanks.[2] Further, the Debtor turned to Part V of the Form Plan titled "Other" and incorporated into his Plan, among other concepts, the following:

> Note to any creditor holding a deed of trust secured by the Debtor(s)'s real property: the proposed plan provides for the Debtor(s)'s best estimate of the mortgage arrears owed to your company (if applicable), as set forth in Class II(a). If you disagree with the amount provided, it is your obligation to file an objection to the plan. In the absence of an objection, the amount set forth in the plan is controlling, and will have a res judicata effect subsequent to the entry of the order of confirmation.[3]

The above proviso incorporated as Part V.G.3 of the Plan is a construct of the Debtor. It is not drawn from the Form Plan adopted by this district nor referenced or otherwise suggested in that form's official commentary.

On July 15, 2010, the Trustee filed an *Objection to Motion to Confirm Chapter 13 Plan* (the "Objection") arguing, in part:

1.   Debtor's plan failed to fully provide for the priority claim of the IRS as required by 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1).[4]

2.   The Trustee could not determine if Debtor's plan satisfied the "best-interest-of-creditors" test under § 1325(a)(4).

3.   The Trustee objected to Debtor designating Part VIII as "not applicable."[5]

---

[1]   LOCAL BANKRUPTCY FORM 3015-1.1, Part VIII.

[2]   *See* Plan filed June 10, 2010, p.8 (Docket #2). The official "Commentary" to the Form Plan provides, in part: "Do not delete any provision of this form. Mark provisions that do not apply as n/a. Any additional provisions must be recited in Part V.G."

[3]   *Id.* at p. 6 ("Part V.G.3").

[4]   Unless otherwise specified, all future statutory references in the text are to Title 11, the United States Code. All future references to the "Bankruptcy Code" shall mean Title 11, the United States Code, and any reference to "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure.

[5]   *See* Objection filed July 15, 2010 (Docket #11) .

On November 9, 2010, the Debtor filed an Amended Plan (the "Amended Plan"), again noting Part VIII was "Not Applicable."[6]  The Amended Plan also contained the Debtor's proposed additions to Part V as set forth above.  No objections to the Amended Plan were filed and it was confirmed on December 28, 2010.

**The Debtor's Complaint**

The Debtor initiated this adversary proceeding after the filing of the Trustee's initial Objection, but before the Amended Plan was on file.  In his Complaint, the Debtor states Part VIII of the Form Plan violates the Bankruptcy Code and the Bankruptcy Rules.  The Debtor further argues the Trustee's decision to object to Part VIII when marked "not applicable," and then withdraw her objection later when other objections are resolved, precludes a debtor from having an opportunity to fully litigate the propriety of Part VIII.  Nonetheless, the Debtor argues the Trustee's initial filing of the objection obligates a debtor to respond to that objection as if the Trustee will pursue her argument to its conclusion.

By Order entered April 14, 2011, the Court found the relief requested in the Complaint and Motion extraordinary and atypical of adversary proceedings before this Court.[7]  The Court further noted the issues underlying the Debtor's requested relief were raised in the absence of a pending objection to his Plan and, in fact, the Debtor had obtained confirmation of his Amended Plan.  Thus, the Court ordered the parties to file legal briefs setting forth the authority, if any, this Court has to find a Local Bankruptcy Rule and portions of a Local Bankruptcy Form invalid and whether other, less drastic remedies are appropriate in this proceeding.  The Debtor timely filed *Debtor's Brief Re: Indicating Paragraph VIII is "Not Applicable" in the Proposed Chapter 13 Plan* (the "Brief").[8]  The Trustee did not file a response brief.[9]

### DISCUSSION

In the Complaint and Motion, the Debtor asserts three primary arguments:

•    Congress and the Supreme Court permit bankruptcy courts to promulgate their own local rules for the purpose of administering cases.  However, local rules may not conflict or substantially interfere with rights reserved and assigned by the Bankruptcy Code;

---

[6]  *See* Amended Plan filed November 9, 2010, p.8 (Docket #28).

[7]  *See* Order entered April 14, 2011 (Docket #7).

[8]  *See* Brief filed May 2, 2011 (Docket #9).

[9]  It should also be noted the Trustee has not filed an answer to the Complaint.  On March 9, 2011, the Debtor filed his *Motion for Entry of Default Judgment Against Sally J. Zeman in her Capacity as Standing Chapter 13 Trustee* (Docket #6).

- The Court is without standing to require debtors to accommodate post-confirmation proofs of claim with a post-confirmation modification; and

- Although the Court has only requested that Debtors brief the issue of listing Paragraph VIII of the plan as "Not Applicable," the issue is inextricably intertwined with the concept of *res judicata*.[10]

Specifically, the Debtor argues § 1329(a) states a post-confirmation modification of the plan may be requested by the "debtor, the trustee, or the holder of an allowed unsecured claim;"[11] but nowhere does it grant the Court authority, *sua sponte*, to order modification of a confirmed plan, nor do priority and/or secured claimants have standing thereunder to seek a post-confirmation modification of the plan. Thus, the Debtor asserts LOCAL BANKRUPTCY RULE 3015-1[12] and LOCAL BANKRUPTCY FORM 3015-1.1 are inconsistent with, and contradict § 1329, and therefore violate FED. R. BANKR. P. 9029.

The Debtor also argues LOCAL BANKRUPTCY RULE 3015-1 and LOCAL BANKRUPTCY FORM 3015-1.1 are inconsistent with, and contradict § 1327(a), which provides:

[t]he Parts of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.[13]

The Debtor argues LOCAL BANKRUPTCY RULE 3015-1 allows creditors to sit on their rights, not objecting to confirmation, with knowledge the Debtor will be forced to modify the plan post-confirmation to provide for their claims. The Debtor describes this as getting "two bites at the apple," when §§ 1327(a) and 1329(a) give creditors only one.

---

[10]  Brief, pp.5-7.

[11]  § 1329(a).

[12]  LOCAL BANKRUPTCY RULE 3015-1 provides, in relevant part:

(a)    Chapter 13 Confirmation Process – Forms:
       The court has developed the following Local Bankruptcy Forms in connection with this
       L.B.R. 3015-1.

       (1) L.B. Form 3015-1.1 – Chapter 13 Plan: The Chapter 13 Plan form must be used when
       filing the original plan, as well as with any amendment to the plan. . . .

(b)    Filing of the Chapter 13 Plan:

       (1) The chapter 13 plan must be filed in accordance with FED. R. BANKR. P. 3015. The form
       of the plan must conform to L.B. Form 3015-1.1.

[13]  § 1327(a).

**A.      Recent Decisions in this District**

This Court benefits from the wisdom of two of its sister divisions which recently addressed the issues now presently before this Court.[14]  While both opinions are extremely well written and reasoned, they arrived at different conclusions.  As a result, and so the bar in this district is informed of this Court's position on the matter, a brief discussion of these rulings is appropriate.

   1.      _In re Gordon_, 10-13885-EEB, March 25, 2011 ("Order Approving Plan Language")

_Gordon_ focuses on three categories of caselaw interpreting the effect of a confirmed plan on the rights of secured creditors.  The three categories are loosely identified as the "majority position," the "alternate process (_res judicata_)," and the "middle of the road (due process)."  Those categories can be described in their salient terms as follows:

• Majority Position:  The chapter 13 plan confirmation is not, by itself, sufficient to alter a secured creditor's lien rights.  Liens pass through a bankruptcy unaffected, thus permitting a secured creditor to elect not to participate in a bankruptcy case and instead rely on its lien rights.  In order to alter lien and/or claim rights, a debtor must invoke some process other than plan confirmation, such as the claims allowance process or a separate adversary proceeding.

• Alternate Process (_Res Judicata_):  A secured creditor's failure to object to a plan can result in modification of a claim or a lien.  A secured creditor who elects not to participate in a bankruptcy case or file a plan objection does so at its own risk, because a plan can and may modify the creditor's lien.  Cases in this category acknowledge the claims allowance process, but characterize it as an "alternate" process to determine a secured claim, and stress secured creditors cannot rely on this alternative and ignore the confirmation process without risking modification of their rights.

• Middle of the Road (Due Process):  A lien may be modified through the confirmation process, but only if the creditor receives adequate notice that its lien would be adversely affected by the proposed modified plan.

After considering those three interpretations, _Gordon_ appears to have adopted a hybrid of the "alternate process" and "middle of the road" lines of cases and approved the debtors' plan.  That Court agreed with those cases "giving emphasis to the _res judicata_ effect of a properly

---

[14]   It should be noted counsel for the Debtor in this case is the same counsel representing the debtors in the other two divisions of this district which previously addressed the issues presented here.  In both these other cases, the exact scenario was presented to those courts as exists herein.  Specifically, the use of the term "not applicable" was used in connection with Part VIII in the proposed plans and the language here in Part V was also incorporated into those proposed plans.

served plan.[15]  If a proposed plan unambiguously informs a creditor its claim will be affected, disallowed or valued in a certain way, the creditor may not ignore the confirmation process just because the claims bar date has not expired."[16]

 *Gordon* concluded the debtors' striking of Part VIII and use of "non-standard language" in Part V, positing an inference contrary to Part VIII, was permissible and consistent with the Bankruptcy Code.  Specifically, Judge Brown stated, "Thus, the Court agrees with Debtors that, to the extent [LOCAL BANKRUPTCY FORM 3015-1.1 Part  VIII] amounts to a bankruptcy court order to modify a confirmed Chapter 13 plan, it is inconsistent with the [Bankruptcy] Code and invalid."[17]

  2. <u>*In re Butcher*, 2011 WL 4382127 (September 20, 2011 Bankr. D. Colo.) (11-
   10545-HRT) ("Order Denying Plan Confirmation")</u>

 The Court in *Butcher* considered six factors in its review of the effect of a confirmed plan on the rights of secured creditors:

- <u>The Court's Duty is to Read the Different Sections of the Bankruptcy Code in Harmony</u>: There is no irreconcilable contradiction between a speedy chapter 13 plan confirmation and the claim allowance process set out in §§ 501 and 502.  Nothing in chapter 13 prevents a court from confirming a chapter 13 plan in accordance with the accelerated time frame set forth in the BAPCPA amendments without cutting off a creditor's right to receive payment based on a timely filed and allowed proof of claim.

- <u>Part VIII Does Not Exceed the Court's Rule-Making Authority Because it Does Not Violate § 1329</u>:  Although § 1329 does not permit a court to seek modification of a confirmed plan, it is incumbent upon bankruptcy courts to avoid confirming plans that do not comply with the Bankruptcy Code.  Absent Part VIII, courts could confirm plans which impermissibly modified a creditor's rights before filing a claim.  To avoid this result, § 105(a) grants the Court broad authority to take steps necessary to "prevent an abuse of process."

- <u>Section VIII Does Not Conflict with the *Res Judicata* Effect of a Confirmed Plan</u>:  It is the terms of the of the confirmed plan which bind the parties.  The terms of the Form Plan require a debtor to substantiate his version of a claim by prosecuting an objection to

---

 [15]  The Court emphasized the difference between "notice" and "service" reflected in FED. R. BANKR. P. 2002(b) and 7004, respectively.

 [16]  *Gordon*, page 15.  *Gordon* also addressed three other cases before Judge Brown at that time: *In re Pahs*, 10-15557-EEB, *In re Osterman*, 10-11492-EEB, and *In re Renner*, 10-17975-EEB.

 [17]  *Id.*, page15.

a timely filed and allowed claim where the proof of claim differs from the plan term, by conforming the plan to the proof of claim, or by negotiating a resolution satisfactory to both parties. That obligation is binding upon debtors by operation of *res judicata* and § 1327 under the current Form Plan.

- By Eliminating Part VIII, Debtors' Plan Violates §§ 501 and 502, and FED. R. BANKR. P. 3002: Proofs of claim may be timely filed after plan confirmation. For the court to confirm a plan not containing a saving provision such as Part VIII would illegally modify a claim secured by the debtor's principal residence in contravention of § 1322(b)(2). To conclude otherwise would be to abrogate the claim filing, objection, and allowance process set out in §§ 501 and 502 and Rule 3001 *et seq*. Additionally, cutting off a creditor's rights through the plan confirmation process would also abrogate Rule 3002(a) because the deadline for filing proofs of claim set forth in the Court's corresponding notice to creditors upon the filing of a chapter 13 case would be rendered disingenuous and misleading. Moreover, this position shifts the claim objection burden to creditors by forcing a creditor to object to a proposed plan rather than requiring a debtor to object to a presumptively allowed claim. This shift in burden would make the presumption of the validity of a properly filed claim meaningless.

- Language Incorporated in Violation of the Local Rules and Part VIII: Part V of the Form Plan allows the debtor to list "Other" provisions not included in the form. If permitted to insert language in Part V that is contrary to Part VIII,[18] a debtor is effectively nullifying § 502 and avoiding § 1322(b)'s prohibition against modifying a home mortgage in the event the debtor's estimate of the mortgage arrears is less than the figure reflected on the creditor's allowed claim. That approach then eliminates a debtor's obligation to modify the plan post-confirmation and "bootstraps" the *res judicata* argument requiring a creditor to object to a plan or risk being bound by the debtors' estimation of a secured creditor's claim.

- Other Jurisdictions: Fifty-nine of the ninety-three judicial districts have a positive indication in local rules or in local chapter 13 plan forms indicating distributions to creditors are made based on amounts appearing in allowed proofs of claim.

Based on the foregoing, *Butcher* rejected the debtors' arguments, as well as the reasoning underlying the decision in *Gordon*, and denied confirmation of the debtors' plan. It concluded:

[Part] VIII gives effect to the time frames set out in Rule 3002(c) for the timely filing of proofs of claim; it gives effect to the presumption of validity accorded to timely filed claims by § 502; and it gives effect to the Bankruptcy Code's allocation of the burden of objecting to a timely filed and presumptively valid claim. It also serves

---

[18] Language referred to in *Gordon* as "Non-Standard Language."

the purpose of insuring that the secured claims of home mortgage creditors are not impermissibly modified in contravention of § 1322(b)(2) and that the cure amounts in the plan are in compliance with § 1322(e).[19]

## B.   The Instant Adversary Proceeding

As mentioned above, this adversary proceeding presents issues of law identical to those raised in *Gordon* and *Butcher*.  The Court has carefully reviewed those opinions and finds their reasoning instructive in its own deliberation.

In *Gordon*, Judge Brown accepted the debtors' treatment of Part VIII as "not applicable" and concluded the language in Part V of the debtors' plan was permissible and not inconsistent with the Bankruptcy Code.[20]  This Court does not disagree with that conclusion, but finds the analysis does not end there.

While the specific language may be satisfactory, using the plan process to adjudicate claims issues is a license for mischief and may result in the approval of a plan with a provision inserted by counsel which is contrary to anything authorized by the Bankruptcy Code.  Such a scenario recently came before the U.S. Supreme Court in *United States Aid Funds, Inc. v. Espinoza*.[21]  In that case, the Court allowed the offensive provision; but directed all bankruptcy courts to fulfill its obligations under § 1325(a), instructing those courts to review and scrutinize all aspects of a debtor's proposed plan in order to correct any defect it contains.[22]  While the courts will undoubtedly give their best efforts to comply with this mandate, because of the huge number of cases that have been filed in this economy, there will undoubtedly be an occasional instance wherein an improper provision is incorporated in a confirmed plan.

In *Butcher*, Judge Tallman rejected the debtors' attempt to jettison the claims process and emphasized the harmony required to give effect to all processes prescribed by the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and Forms of this district.[23]  This

---

[19] *Butcher*, page 4.

[20] *Gordon*, page 15.

[21] __ U.S. __, 130 S .Ct. 1367 (2010).

[22] *Id*. at 1381 n.14.

[23] *Butcher*'s acknowledgment of the need to respect different facets of the Bankruptcy Code and Rules is bolstered by the Supreme Court of the United States' recent submission of proposed Bankruptcy Rule amendments to Congress based on the recommendation of the Judicial Conference of the United States and its Advisory Committee on Bankruptcy Rules (the "Advisory Committee").  In those amendments, the Advisory Committee recommended the adoption of a new rule, Rule 3002.1, titled, "Notice Relating to Claims Secured by Security

Court is persuaded by this reasoning.  The adoption of LOCAL BANKRUPTCY RULE  3015-1 and LOCAL BANKRUPTCY FORM 3015-1.1 (particularly its Part VIII) reflects a preference in this district to use the claims filing and challenge process rather than the chapter 13 plan confirmation process for determining the amount of a secured creditor's claim.[24]  These parallel procedures do not eliminate any substantive rights.  Rather, they set forth a means of dealing with claims which provides all parties with predictability and continuity, while at the same time giving due effect to the statutes and rules passed by Congress.  Indeed, this process enables the court to achieve closer compliance with the Supreme Court's *Espinosa* mandate as it prevents debtors from sliding through provisions in a plan which are inconsistent with the Bankruptcy Code.

## CONCLUSION

After reviewing the well-reasoned opinions of its colleagues in this district, the dictates of the Bankruptcy Code and Rules, the Proposed Rule and associated committee comments presently before Congress, as well as the policy considerations underlying this district's adoption of LOCAL BANKRUPTCY RULE  3015-1 and  LOCAL BANKRUPTCY FORM 3015-1.1, and particularly its Part VIII, this Court agrees with the reasoning set forth in *Butcher* and adopts its analysis and conclusion for purposes of this proceeding.[25]

---

Interest in the Debtor's Principal Residence."  Rule 3002.1 (the "Proposed Rule") would apply in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the [Bankruptcy] Code in the debtor's plan."  The Proposed Rule expressly provides for the filing of a secured creditor's proof of claim, the form of the claim, the manner by which a debtor is provided notice of the claim, and the treatment of the claim.  Specifically, the Proposed Rule is designed to address issues related to a debtor's prepetition arrearage.

In support of the Proposed Rule, the Advisory Committee noted,  "This is a new rule.  It is added to aid in the implementation of § 1322(b)(5), which permits a chapter 13 debtor to cure a default and maintain payments on a home mortgage over the course of the plan."  The Advisory Committee went on to say, "In order to be able to fulfill the obligations of § 1322(b)(5), a debtor and the trustee have to be informed of the exact amount needed to cure any prepetition arrearage, see Rule 3001(c)(2), and the amount of the postpetition payment obligations.  If adopted by Congress, the Proposed Rule will be effective as of December 1, 2011.  The Proposed Rule is not only timely, it is on point with the challenges presented in *Gordon* and *Butcher*, as well as in this adversary proceeding.  Indeed, it is clear from the Proposed Rule, adopted by our Supreme Court and recommended to Congress, that issues concerning the intersection of §§ 1322(b)(5), 501 and 502, and Rules 3001 *et seq.* must be reconciled and given equal effect through the chapter 13 plan process.

[24] *Butcher* also reminds us of the lengthy and open discussions held in this district over a period of years to encourage the exchange of concepts and concerns, both from the judiciary and the practicing bar, in formulating and adopting the local rules now in use.

[25] While not having any impact on this Court's evaluation herein, on October 7, 2011, Judge Sidney B. Brooks entered an order in *Patrick Dean Williams v. Sally J. Zeman*, Adversary Proceeding No. 10-1716 SBB in which he adopted the reasoning in *Butcher* without discussion.

Accordingly, it is hereby

ORDERED the Debtor's *Motion for Entry of Default Judgment Against Sally J. Zeman, in Her Capacity as Standing Chapter 13 Trustee* is DENIED; and it is further

ORDERED the Plaintiff's request for declaratory judgment finding that Local Bankruptcy Rule 3015-1(a)(1) and Local Bankruptcy Form 3015-1.1, Section VIII, are invalid is DENIED.

Dated October 24, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge